UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **DEREK MORTLAND**,  an individual | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-1324 |
| v. | ) | |
| | ) | |
| **REGENCY MIDWEST VENTURES** | ) | Judge: |
| **LIMITED PARTNERSHIP**, | ) | |
| a South Dakota limited partnership | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **Derek Mortland**, individually, by and through the undersigned counsel,

Owen B. Dunn, Jr., hereby files this Complaint against Defendant, **Regency**

**Midwest Ventures Limited Partnership**, a South Dakota limited partnership, for

injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant

to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"),

alleging as follows:

## JURISDICTION AND VENUE

1.     This action is brought by the Plaintiff, Derek Mortland, individually, and on

behalf of individuals similarly situated, pursuant to the enforcement provision of the

American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against

the Defendant as delineated herein.

2.     The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.     Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4.     Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland") is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.     The Defendant, Regency Midwest Ventures Limited Partnership, owns and/or operates the Park Place Hotel and Conference Center, which is a hotel located at 300 E. State St. Traverse City, MI 49684 in Grand Traverse County.

6.     Upon information and belief, the hotel and conference center owned and operated by the Defendant underwent extensive renovation and alteration by the Defendant commencing in 2017 and ending in 2018 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA to all altered public accommodation area is strictly required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7.     The Hotel and conference center facility owned or operated by the Defendant Regency Midwest Ventures Limited Partnership is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's hotel is a place of public accommodation.  Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8.     Mr. Mortland is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not

limited to, standing and walking, as defined by the ADA and its regulations thereto.

9.  Mr. Mortland is a Franklin County, Ohio resident and is employed as an ADA speaker, consultant, expert and coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients throughout the Midwest including on a number of occasions in Traverse City, Michigan.

10. Plaintiff and his wife patronized Defendant's hotel as bona fide overnight guests while Mr, Mortland was in Traverse City, MI conducting business and also while visiting with his wife's close friend who is a Traverse City, MI resident.  Mr. Mortland has personally experienced the barriers to access at the Park Place Hotel and Conference Center complained of herein.  The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.  Mr. Mortland plans to return to the property to avail himself of the goods and services offered to the public at the property.

11. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to

believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12.    The Defendant has discriminated against Mr. Mortland by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13.    The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

14.    A preliminary inspection of the Park Place Hotel and Conference Center, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

## Parking, Passenger Loading & Accessible Routes

A.     There is no marked passenger loading zone access aisle, in violation of the ADA and section 503.3 of the 2010 Standards and 1991 ADAAG section 4.6.6 whose remedy is strictly required or, at minimum, readily achievable.

B.     There is no accessible route from the passenger loading zone to the hotel entry due to the existence of a curb, in violation of the ADA whose remedy is strictly required or is at minimum readily achievable.

C.     In parking lots or garages, accessible parking spaces must be located on the shortest accessible route to the accessible entrance. Whereas, at the Park Place Hotel & Conference Center there are other "reserved parking" spaces located on a shorter route, in violation of the ADA whose remedy is strictly required or is at minimum readily achievable.

D.     In the parking lot, the mobility accessible parking spaces have no striped adjacent access aisles, in violation of the ADA section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable. Access aisles provide a designated area for people who use wheelchairs or other mobility devices to get in and out of their car or van.

E.     In the parking lot, there are no "Van Accessible" parking spaces or are missing required signage identifying it as a 'van accessible' stall, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or is at minimum readily achievable. Van spaces must be at least 132 inches wide and have an access aisle at least 60 inches wide or, be at least 96 inches wide and have an access aisle at least 96 inches wide.

F.     Ground surfaces located on the accessible route to the hotel entrance from the street and from the accessible parking lot have cracks in excess of ½ inch and changes in elevation in excess of ¼ inch, in violation of the ADA and section 302.3 and 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.4, whose remedy is readily achievable.

## Access to Goods and Services

G.     At the hotel's registration transaction counter there is no lowered section and it is otherwise too high, in violation of the ADA section 904.4.1/904.4.2 of the 2010 Standards and 1991 ADAAG section: 7.2(1), whose remedy is readily achievable.

H.     The hotel's courtesy shuttle does not have adaptive features, including a ramp, lift, or space for wheelchair users, preventing disabled guests from

using the service available to able-bodied guests, in violation of the ADA whose remedy is readily achievable.

I.     In the hotel lobby or other hallways, there are no accessible coat racks available due to their excess height, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is readily achievable.

Lobby Public Restrooms

J.     At the Men's public restroom, there're is not the minimum maneuvering clearance perpendicular to doorway to exit, in violation of the ADA section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6.

K.     In the men's restroom, the paper towel dispensers are too high to their operable parts and out of the maximum reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

L.     In the Men's restroom, the wheelchair accessible toilet compartment lacks required width and depth dimensions and an interior maneuvering clearing as well as the door swings inward to reduce clearance even further, in violation of the ADA and section 604.3.1 of the 2010 Standards and 1991

ADAAG section 4.17.3 whose remedy is strictly required or, at minimum, readily achievable.

M.      In the Men's restroom stall, the toilet centerline is located greater than 16 inches minimum to 18 maximum from the side wall or partition, in violation of the ADA section 604.2 of the 2010 Standards, whose remedy is readily achievable.

N.      In the men's lobby restroom accessible toilet compartment the rear grab bar around the water closet is entirely missing, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.17.6 whose remedy is strictly required or, at minimum, readily achievable.

O.      In the Men's restroom stall, the height of the toilet is out of compliance and too low to the top of the seat, in violation of the ADA section 604.4 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is readily achievable.

P.      In the men's lobby restroom accessible toilet compartment the toilet paper dispenser is mounted less than 12 inches above the side grab bar, impairing its use, in violation of the ADA and section 609.3 of the 2010 Standards and 1991 ADAAG section 4.17.6 whose remedy is strictly required or, at minimum, readily achievable.

Q.     The men's restroom toilet compartment door is not self-closing and lacks door pulls on both sides, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.23.4 whose remedy is strictly required or, at minimum, readily achievable.

R.     In the Men's restroom stall, the height of the sink out of compliance and should be no higher than 34 inches maximum above the finish floor to the counter surface, in violation of the ADA section 606.3 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is readily achievable.

S.     In the Men's restroom stall, the height of the mirror is out of compliance, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is readily achievable.

T.     In the Men's restroom, the water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

**Mobility Accessible Guest Room #405**

U.     In mobility accessible guest room #405 there is insufficient latch side maneuvering clearance to exit at the door entrance and operate other

doorways, is in violation of the ADA section 404.2.4.1 on the 2010

Standards and 1991 ADAAG section 4.13.6.

V.     In mobility accessible guest room #405, various doorknobs/door hardware

are not accessible because they require tight grasping, pinching, or twisting

of the wrist, in violation of the ADA section 309.4 of the 2010 Standards

and 1991 ADAAG section: 4.27.4, whose remedy is readily achievable.

W.     In mobility accessible guest room #405 there is not sufficient maneuvering

clearance to access all room amenities or to navigate the guest room partly

due to the placement of furniture, in violation of the ADA and section 304 of

the 2010 Standards, whose remedy is readily achievable.

X.     In mobility accessible guest room #405 the drawer pulls are not accessible

because they require tight grasping, pinching, or twisting of the wrist, in

violation of the ADA section 309.4 of the 2010 Standards and 1991

ADAAG section: 4.27.4, whose remedy is readily achievable

Y.     In mobility accessible guest room #405, the closet shelf is mounted too high

and out of the maximum reach range as are any items placed thereon such as

the iron, in violation of the ADA and section 308.3.1 of the 2010 Standards,

whose remedy is readily achievable.

Z.   In guest room #405 the closet doors are not compliant or accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section: 4.27.4, whose remedy is readily achievable.

AA.   In mobility accessible guest room #405, the clear door width of the closet door is out of compliance and as a result guest room patron cannot reach object located at the back of the closet, in violation of the ADA section 404.2.3 of the 2010 Standards and 1991 ADAAG section 4.13.5, whose remedy is readily achievable.

BB.   In mobility accessible guest room #405, the guestroom drape wands and bathroom blinds control are not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is readily achievable.

CC.   In mobility accessible guest room #405, the guestroom drape wands and bathroom blinds control are too high and out of the maximum height reach range and also blocked by furniture, in violation of the ADA and sections 308.3.1 and 308.3.2 of the 2010 Standards, whose remedy is readily achievable.

DD.  In guest room #405, the knee clearance under the table is too low and out of compliance, in violation of the ADA section 306.3 of the 2010 Standards and 1991 ADAAG section 4.32.3, whose remedy is readily achievable.

EE.  In guest room #405, there is a one inch level change/threshold entering the bathroom (in excess of ¼ inch), in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is readily achievable.

FF.  In the guest room #405 the bathtub grab bars are missing, where they do exist they are mounted incorrectly and in general are wholly out of compliance, in violation of the ADA sections 607.4 and 607.4.2 of the 2010 Standards, whose remedy are readily achievable.

GG.  In the guest room #405, the bathtub faucet controls are not located between the bathtub rim and grab bar, and between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA section 607.5 of the 2010 Standards and section 4.20.5 of the 1991 ADAAG, whose remedy is readily achievable.

HH.  In the guest room #405, the shower sprayer unit is located above allowable reach range and does not have a non-positive shutoff, in violation of the

ADA section 607.6 of the 2010 Standards, whose remedy are readily achievable.

II.   In guest room #405 the bathroom toilet rear and side grab bars are not compliant including they are mounted below 33 to 36 inches to top of their gripping surface, they are incorrect lengths or don't extend required distance from wall or from centerline of the toilet, in violation of the ADA sections 604.5.1, 604.5.2, 609.4 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is readily achievable.

JJ.   In guest room #405, the water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

KK.   There is not at least 60 inches of clear floor space around the water closet, in violation of the ADA and Section 604.3.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

LL.   In guest room #405, the toilet centerline is located greater than 16 inches minimum to 18 maximum from the side wall or partition, in violation of the ADA section 604.2 of the 2010 Standards, whose remedy is readily achievable.

MM.   In guest room #405, the towel rack is too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

NN.   The toilet paper dispenser is mounted less than 12 inches above the side grab bar, impairing its use, in violation of the ADA and section 609.3 of the 2010 Standards and 1991 ADAAG section 4.17.6 whose remedy is strictly required or, at minimum, readily achievable.

**Type and Number of Designated Accessible Guestrooms**

OO.   The Defendant's hotel offers varied types, prices and classes of lodging options including Standard, Deluxe West Wing Balcony. Deluxe Historic Tower Bayview, but does not disperse accessible accommodations among the types. These offers varying square footage and amenities available only to able bodied guests. However, guests who require accessible accommodations are restricted to fewer room classes (Standard room) and fewer guestroom amenities, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and section 224.5 of the 2010 Standards and 1991 ADAAG section 9 whose remedy is strictly required or, at minimum, readily achievable.

PP.   Upon information and belief, the hotel has a legally insufficient total number
of hotel guestrooms fitted with mobility accessible features. Whereas, for a
property with 140 guestrooms such as this Park Place Hotel & Conference
Center, there must be a minimum of 5 mobility accessible guestrooms
without a roll-in shower and a minimum of 2 of mobility accessible
guestrooms with a roll-in shower, totaling 7 designated mobility accessible
guestrooms. , This is in violation of the ADA and section 224.4 of the 2010
Standards and 1991 ADAAG section 9.1.2 whose remedy is strictly required
or, at minimum, readily achievable.

**Accessible Guestrooms Generally**

QQ.   Upon information and belief the Park Place Hotel & Conference Center does
not have any mobility accessible hotel guestrooms fitted with a roll-in
shower, in violation of sections 224.2 of the 2010 ADA Standards and 1991
ADAAG section 9.1.2, whose remedy is strictly required or at minimum is
readily achievable.

RR.   Upon information and belief, Derek Mortland believes substantially similar
barriers to handicap access for the mobility impaired exist in all guestrooms
that are designated as mobility accessible guestrooms throughout the hotel

(not just room #405). Including the other bathtub or transfer shower fitted mobility accessible guestrooms and roll-shower fitted mobility accessible guestrooms.

## Pool Area

SS.   At the pool, there is not an adaptive pool lift available for independent use in that when attempted it was inoperable because there was not a battery installed in the lift, in violation of section 1009.2.7 of the 2010 Standards whose remedy is strictly required.  Furthermore, this is a failure to maintain the accessible features (keeping the lift operable), is a violation of the ADA 2010 Compliance Standards and 1991 ADAAG Compliance Standards, whose remedy is strictly required.

TT.   At the pool, the rinsing showers are not designed with accessible features whereas they are missing grab bars or a removable shower head with hose, in violation of the ADA section 608 of the ADA Standards and 1991 ADAAG section 4.21 whose remedy is readily achievable..

## Restaurant/Bar

UU.   In the restaurant, there is no compliant accessible seating provided, only high top tables or tables and booths with toe and knee clearance obstructions in violation of the ADA section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is readily achievable.

VV.   In the bar area, there are no accessible seating or standing dining surfaces provided, in violation of the ADA section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1 whose remedy is readily achievable.

## Policies and Procedures

WW.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

XX.   The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

YY.   The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of this ten-story, multi-building hotel for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Derek Mortland, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

15.   The discriminatory violations described in Paragraph 14 by Defendant

**Regency Midwest Ventures Limited Partnership**, are not an exclusive list

of the Defendant's ADA violations.  Plaintiff requires further inspection of

the Defendant's place of public accommodation and facilities in order to

photograph and measure all of the discriminatory acts violating the ADA

and all of the barriers to access. The Plaintiff has been denied access to

Defendant's accommodations; benefit of services; activities; and has

otherwise been discriminated against and damaged by the Defendant, as set

forth above. The individual Plaintiff, and all others similarly situated will

continue to suffer such discrimination, injury and damage without the

immediate relief provided by the ADA as requested herein. In order to

remedy this discriminatory situation, the Plaintiff requires an inspection of

the Defendant's place of public accommodation, facilities and operations in

order to determine all of the areas of non-compliance with the Americans

with Disabilities Act.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**</u>

16.   Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17.   The hotel at issue, as owned and operated by Regency Midwest Ventures

Limited Partnership, constitutes a public accommodation and service

establishment, and as such, must be, but is not, in compliance with the

Americans with Disabilities Act ("ADA") or Americans with Disabilities

Act Accessibility Guidelines ("ADAAG").

18.   Plaintiff was unlawfully denied full and equal enjoyment of the goods,

services, facilities, privileges, and advantages of the property on the basis of

disability due to Defendant's failure to comply with Title III of the

Americans with Disabilities Act and its accompanying regulations, as

prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to

discriminate against Plaintiff and others with disabilities unless and until

Defendant is compelled to remove all physical barriers that exist at the

facility, including those specifically set forth herein, and make the facility

accessible to and usable by persons with disabilities, including Plaintiff.

19.   The Plaintiff, and others similarly situated, is presently without adequate

remedy at law and is damaged by irreparable harm.  Plaintiff reasonably

anticipates that he will continue to suffer irreparable harm unless and until

Defendant is required to remove the physical barriers, dangerous conditions,

and ADA violations that exist at the Facility, including those set forth

herein.

20.   Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an

injunction requiring Defendant to make all alterations, or at minimum such

readily achievable alterations as are legally required to provide full and

equal enjoyment of the goods, services, facilities, privileges, and advantages

on its property to disabled persons. In connection with that relief, Plaintiff

requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

21.    Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22.    Regency Midwest Ventures Limited Partnership operates a "place[s] of

public accommodation" pursuant to M.C.L §37.1301(a).

23.    Defendants have committed an unlawful act pursuant to M.C.L §37.1302(a)

by denying Plaintiff the full enjoyment of its goods, services,

accommodations, advantages, facilities, or privileges. Whereas, Defendant

has failed to undertake the required or readily achievable barrier removal

necessary to provide Mr. Mortland, and others with mobility impairments,

safe and accessible means of patronizing the businesses on the

property. This has jeopardized his safety.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all alterations, or at

minimum such readily achievable alterations as are legally required and institute

policies and procedures to allow full and equal enjoyment of the goods, services,

facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
 Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen B. Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
Email: dunnlawoffice@sbcglobal.net